Washburn, J.
This is an action at law brought by Fritz Rudin, an attorney practicing at this bar, against Lou Fauver and Lee Stroup, who are also attorneys, and one Ralph Osborn, to recover damages for a libel contained in a petition filed by the said Osborn against the plaintiff and Lloyd Townsend and William Krage.
The petition in this case alleges that said Osborn was seeking relief in said action from an execution issued upon a judgment which said Townsend and Krage had previously recovered against him, which judgment said Osborn claimed in his said action to have been satisfied and discharged, and that said satisfaction *290 and discharge was in writing, signed by said judgment creditors, Townsend and Krage, and entered upon the docket of the justice of the peace by whom the judgment was rendered. The libelous matter complained of which was contained in that petition brought by said Osborn against said Rudin, Townsend and Krage, is as follows:
‘' Plaintiff avers that at the time such transcript was filed with thé clerk of said court on the 17th day of February, 1909, the defendant, Fritz Rudin and the defendants Lloyd Townsend and Wm. Krage, had full knowledge that said judgment had been fully released and discharged, and that such release and discharge appeared upon the records of said justice', but that notwithstanding said knowledge on the part of said defendants, they caused such transcript to be filed as aforesaid, knowing that the same was not a true- and correct transcript of all the proceedings in said cause, and for the purpose of fraudulently attsmpting to perfect a lien against plaintiff’s property, and for the purpose of corruptly and fraudulently attempting to extort further payments from plaintiff upon said judgment, and that the said above named defendants, Fritz Rudin, Lloyd Townsend and Wm. Krage conspired and connived together for the aforesaid corrupt and unlawful and fraudulent purposes, well knowing that at the time, said judgment had been released and discharged and that the transcript above referred to was not a true and correct transcript of the proceedings of said justice.
“That on or about the 17th day of March, 1909, the said defendants-, Fritz Rudin, Lloyd Townsend and Wm. Krage, for the purpose of further carrying out their object of corruptly and fraudulently extorting money from this plaintiff, caused an execution to be issued from the court of common pleas of said county to the defendant, R. C. Ward, as--sheriff of Lorain county.”
The petition in this case alleges “that all of the said allegations charging this plaintiff with wrongdoing as aforesaid, are, as said defendants and each ®f them, well know, false in every particular and wholly untrue, and were made against this plaintiff for -ulterior purposes, and solely to bring injury and harm upon plaintiff, and not because of any necessity or pertinency of the same to said action of said Osborn. ’ ’
And the petition also charges: “that naming plaintiff as a party defendant as aforesaid in said action and making the said false allegations and charges was wholly gratuitous, unnecessary, *291 irrelevant, improper and immaterial to the alleged and claimed cause of action and relief sought by said Osborn in his said suit number 9832, and had no legitimate pertinency thereto.”
A demurrer has been filed to this petition on behalf of Fauver and Stroup, the claim being that the petition shows on its face that the libelous matter was absolutely privileged.
It seems to be well settled in England that judges, counse], parties and witnesses are absolutely exempt from liability to an action for defamatory words published in the course of judicial proceedings, and that the same doctrine is generally held in the American courts, with the qualification as to parties, counsel and .witnesses, that their statements made in the course of an action must be pertinent and material to the case. If they are so pertinent and material, they are absolutely privileged (127 Mass., 316).
“Matter alleged in an answer, if pertinent and relevant, can never give a right of action for libel, though false and alleged with malice” (47 S. W., 884). This is the well settled and almost universal rule in the United States.
From the petition in this ease it appears that the libelous matter was contained in a pleading filed in a court of justice having jurisdiction, and that the plaintiff who is now complaining was a party defendant to the action. Hence, if the matter complained of was relevant and pertinent in that case, this action can not be maintained. And the controlling question now before the court is: Does it appear from the face of this petition that the libelous matter complained of was relevant and pertinent in the case in which the publication was made ?
The proper determination of this question necessitates the consideration of the object and purpose of the privilege and what the courts have held is meant by the term “relevant” and “pertinent” in the statement of the American qualification of the English rule.
In a case determined by the supreme court of Maryland in which all of the authorities, both English and American, are reviewed, it is decided that “this privilege, protecting against a suit for libel or slander, is founded upon what should seem to be a sound public policy which looks to the free and unfettered *292 administration of justice, though, as an incidental result, it may-in some instances afford an immunity to the evil-disposéd and malignant slandered” (14 Atlantic, 518).
In another case decided by the same court and found reported in 14 Atlantic, 505, we find this language at page 510:
“We can not agree with Brett, M. R., that in a suit against counsel for slander the only inquiry is whether the words were spoken- in a judicial proceeding, and if so the case must be stopped. We quite agree, however, with Bramwell, Judge, in Seaman v. Nethervlift, that ‘relevant’ and ‘pertinent’ are not the best words that can be used. These words have, in a measure, a technical meaning, and we all know the difficulty in determining in some cases what is relevant or pertinent. With Lord Chancellor Cairns-s we prefer the words ‘having reference’ or ‘ made with reference, ’ or in the language of Shaw, Chief Justice, ‘having relation to the cause or subject-matter.’ And if counsel in the trial of a case maliciously danders a party or witness or any other person in regard to a matter that has no reference or relation or connection with the case before the court, he is and ought to be answerable in an action by the party injured. ’ ’
The rule is refrred to in 25 N. E., 1048, in the following language :
“In questions falling within this absolute privilege, the question of malice has no place. Plowever malicious the intent, or however false the charge may have been, the law, from considerations of public policy, and to secure the unembarrassed and efficient administration of justice, denies to the defamed party any remedy through an action for libel or slander. This privilege, however, is not a license which protects every slanderous publication or statement made in the course of judicial proceedings. It extends only to such matters as are relevant or material to the litigation or, at least, it does not protect slanderous imputations plainly irrelevant and impertinent, voluntarily made, and which the party making them could not reasonably have supposed to be relevant. * * * The policy upon which the doctrine of privilege rests does not call for an extension of the privilege in such cases. The public interests are sufficiently protected when the privilege is limited to communications which fairly ought to have been made, or, in case of judicial proceedings, to matters not wholly outside of the cause. But no strained or close construction will be indulged to exempt a case from the protection of privilege. ’ ’
*293 In 5 S. W., 602, we find the following statement of the rale:
“It is perhaps needless to add that where the matter alleged is pertinent to the issue, or fairly supposed to be so, although not in the strictest sense relevant, the pleader is absolutely privileged, although he may have also entertained sentiments of malice to the adverse party.”
In 1907 the Supreme Court of Pennsylvania declared (67 Atlantic, 991) that the authorities are uniform that—
“When alleged libelous matter in pleadings is relevant and pertinent, there is no liability for uttering it. Public policy requires this, even if at times the privilege of immunity for false and malicious averments in pleadings is abused. Justice can be administered only when parties are permitted to plead freely in the courts and to aver whatever ought to be known without fear of consequences, if a material and pertinent averment should not be sustained. Wrong may at times be done to a defamed party, but it is dammm absque injuria. The inconvenience of the individual must yield to a rule for the good of the general public.
“When the question of the relevancy and pertinency of matters alleged in pleadings is to be inquired into, all doubt should be resolved in favor of relevancy and pertinency. ’ ’
Judge Spear, speaking for our Supreme Court, in a case, however, not growing out of a judicial proceeding, uses this language (68 O. S., 89) :
“In order to be privileged the statement must be pertinent and material to the matter in hand. To be pertinent and material it must tend to prove or disprove the point to be established and have substantial importance or influence in producing the proper result. In other words, the statement must be necessary to a full presentation and in that sense essential to the accomplishment of the object sought.”
It must be borne in mind that the libel complained of in that case did not grow out of a judicial proceeding, but arose in the proceedings of a public body.
Having reference particularly to judicial proceedings, Judge Cooley declares the following to be a clear statement of a wise and proper general rule, with its just limitations:
“We take the rule to be well settled by the authorities that words spoken in the course of judicial proceedings, though they *294 are such as impute crime to another, and therefore if spoken elsewhere would import malice and be actionable themselves, are not actionable, if they are applicable and pertinent to the subject of the injury. The question, therefore, in such cases is, not whether the words spoken are true, not whether they are actionable in themselves, but whether they were spoken in the course of judicial proceedings, and whether they are relevant or pertinent to the cause or subject of the injury. And in determining what is pertinent, much latitude must be allowed to the judgment and discretion of those who are intrusted with the conduct of a cause in court, and a much larger allowance made for the ardent and excited feelings with which a party or counsel who naturally and almost necessarily identifies himself with his client, may become 'animated, by constantly regarding one side only of an interesting and animated controversy, in which the dearest rights of such party may become involved. * * * Still, this privilege must be restrained by some limit, and we consider that limit to be this: that a party or counsel shall not avail himself of his situation to gratify private malice by uttering slanderous expressions, either against a party, witness or third person, which have-no relation to the cause or subject-matter of the injury. Subject to this restriction, it is on the whole, for the public interest, and best calculated to subserve the purposes of justice, to allow counsel full freedom of speech, in conducting the cases and advocating and sustaining the rights of their constituents; and this freedom of discussion ought not be impaired by numerous and refined distinctions.”
In a recent cáse decided by the Supreme Court of Florida, the court, applying the rule to allegations contained in pleadings, say:
“In determining what is pertinent, however, much latitude must be allowed to the judgment and discretion of those who maintain a eause in court. Much allowance should be made for the earnest though mistaken zeal of a litigant who seeks to redress his wrongs and for the ardent and excited feelings' of the fearless, conscientious lawyer, who must necessarily make his client’s cause his. own. We should be careful not to go to the other extreme, and say that there shall be no privilege—not even a qualified privilege—for defamatory words published in the course of judicial procedure. We believe the true doctrine to be as declared by the Supreme Court of our neighboring state of Alabama, in the case of Lawson v. Hicks, 38 Ala., 279, 81 Am. Dec., 49: ‘Words spoken or written, in the course of a judicial *295 proceeding, by the parties, or the counsel, if relevant will not support an action for defamation; nor when irrelevant, if the speaker or writer believed that they were relevant, and had reasonable or probable cause so to believe; nor in any case without proof of actual malice.’ ” (44 Southern Reporter, 357.)
From a consideration of all of those and many other cases bearing on the subject, it seems apparent that public policy requires the enforcement of this privilege in all cases except where the matter complained of has no direct relation to the cause or subject-matter of the inquiry, and no constrained or close construction short'd be indulged which will impair the efficacy of this salutary general rule; that the pleader is not to be held liable for including in his pleading matters not relevant in the strictest legal and technical sense, but reasonably full freedom should be allowed if the matter can be said to have a legitimate reference to the inquiry.
Applying these rules to the case at hand, the petition, in my judgment, shows upon its face that the matter complained of was relevant and pertinent to the case before the court in which the language complained of was used. This is especially true when you test the relevancy of the language complained of with reference to the defendants, Townsend and Erage.
But it is claimed that the plaintiff in this action was improperly joined in that action, and that as to him said allegations were not relevant. The language quoted shows that it was charged that the plaintiff in this action was a conspirator with his clients, Townsend and Erage. That would make him a proper party, although not a necessary party. So long as he was a proper party and was charged with being a conspirator, what was relevant and pertinent as to the other defendants was relevant and pertinent as to him. lie was charged with having done the things of which complaint was made, and if he had been sued alone the matter would have been relevant and he could not have maintained an action of libel. Making him a party was merely suing him, and his remedy for that, if he had any at all, would have been for malicious prosecution. If the mere making of Rudin a party defendant with his clients in that case was improper and irrelevant, then the making of Fauver and Stroup *296 parties defendant with their client in this action would be likewise irrelevant and improper. In this action Fauver and Stroup are made defendants merely because it is claimed they were conspirators with their client, and that was exactly the situation with reference to Rudin in the other ease. So long as a person is a proper party to a suit any allegation which has a direct relation to the cause or subject-matter of the inquiry is relevant as to him.
If there had been no averments in the petition in this ease showing the relevancy and pertinency of the language complained of, the allegation that the matter was not pertinent and relevant would have to be considered on demurrer as true (Levy v. Littleford, 6 O.L. R., 682); but in this case the relevancy of the matter appears upon the face of the pleading, and therefore the allegation that it -is not pertinent is a mere unwarranted legal conclusion.
The demurrer will therefore be sustained.